Wayne PICKERING, Plaintiff–
Appellant,

v.

Ken CLARK, Warden at SATF; et
al., Defendants–Appellees.

No. 13–16138.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2014.*

Aug. 1, 2014.

Wayne Pickering, Chowchilla, CA, pro
se.

Before: GOODWIN, CANBY, and
CALLAHAN, Circuit Judges.

MEMORANDUM **

Wayne Pickering, a California state pris-
oner, appeals pro se from the district
court's judgment dismissing his 42 U.S.C.
§ 1983 action alleging deliberate indiffer-
ence to his serious medical needs and vio-
lations of his First Amendment rights.
We have jurisdiction under 28 U.S.C.
§ 1291. We review de novo. *Resnick v.
Hayes*, 213 F.3d 443, 447 (9th Cir.2000)
(dismissal under 28 U.S.C. § 1915A); *Bar-
ren v. Harrington*, 152 F.3d 1193, 1194
(9th Cir.1998) (order) (dismissal under 28

U.S.C. § 1915(e)(2)). We affirm in part,
reverse in part, and remand.

The district court properly dismissed
Pickering's First Amendment retaliation
claim because Pickering failed to allege
facts showing that prison officials took ad-
verse action against him because he filed
grievances. *See Brodheim v. Cry*, 584
F.3d 1262, 1269 (9th Cir.2009) (setting
forth the elements of a retaliation claim in
the prison context).

The district court properly dismissed
Pickering's claim alleging that defendants
violated his constitutional rights in the pro-
cessing and handling of his prison griev-
ances because prisoners do not have a
"constitutional entitlement to a specific
prison grievance procedure." *Ramirez v.
Galaza*, 334 F.3d 850, 860 (9th Cir.2003).

The district court properly dismissed
Pickering's Eighth Amendment claims
against defendants Green, Salmi, Lee, Rot-
man, Byers, Lewis, Clark, Metts, Liu, and
Pierre because Pickering failed to allege
facts showing that these defendants were
deliberately indifferent to Pickering's seri-
ous medical needs. *See Farmer v. Bren-
nan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128
L.Ed.2d 811 (1994) (a prison official is
deliberately indifferent only if he or she
"knows of and disregards" an excessive
risk to inmate health or safety); *Toguchi
v. Chung*, 391 F.3d 1051, 1058–60 (9th
Cir.2004) (neither a difference of opinion
concerning the course of treatment nor
mere negligence in diagnosing or treating
a medical condition amounts to deliberate
indifference); *see also Starr v. Baca*, 652
F.3d 1202, 1207 (9th Cir.2011) (discussing
the requirements for establishing supervi-
sory liability).

---

* The panel unanimously concludes this case is
suitable for decision

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3. without oral argument.
*See* Fed. R.App. P. 34(a)(2).

However, dismissal of Pickering's Eighth Amendment claim against defendant Enenmoh was premature at this early stage of the proceedings. Pickering alleged that although Enenmoh knew of Pickering's pain, Enenmoh changed Pickering's physician requests from urgent to routine and from a total knee replacement surgery to a consultation with an orthopedic surgeon. These allegations, liberally construed, were "sufficient to warrant ordering [Enenmoh] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir.2012); *id.* at 1123 (doctor's awareness of need for treatment followed by unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference). Accordingly, we reverse the district court's judgment as to the Eighth Amendment claim against defendant Enenmoh, and remand for further proceedings.

We do not consider Pickering's contentions regarding the original complaint and the first amended complaint because what is before us is the dismissal of the second amended complaint.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.